IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 04-20422-CIV-KING/GARBER

BAVARO PALACE, S.A,

    Plaintiff,

vs.

VACATION TOURS, INC. a/k/a VACATION
STORE OF MIAMI, INC., a Florida
corporation, and ROSANNA METZ-MENDEZ,
an individual,

    Defendants.
_____/

## SUPPLEMENTAL FINDINGS OF FACT AND CONCLUSIONS OF LAW

### INTRODUCTION

This cause came before the Court following remand by the United States Circuit Court for the Eleventh Circuit directing this Court to make further Findings of Fact and Conclusions of Law upon Plaintiff, Bavaro Palace, S.A.'s, claim for alleged violation of the Florida Deceptive and Unfair Trade Practices Act, §501.201 at seq. (Fla. Stat.). Bavaro Palace v. Vacation Tours, Inc., 203 Fed.Appx. 252 (11th Cir. 2006).

### Findings of Fact

These findings are in addition to and supplemental to the Court's Findings of Fact as sets forth in its Opinion and Final Judgment of June 10, 2005. Bavaro Palace, S.A. v. Vacation Tours, Inc., et al., Case No. 04-20422-CIV-KING (D.E. #186).

The record is devoid of any evidence, offered at trial, that any customer of Defendants who called in response to the website, www.bavaropalace.com, or the newspaper ads for that website in the newspaper, were sold reservations at a different hotel. Plaintiff's evidence that

one of Defendants' sale staff, Luz Ortega, could sell reservations at Barcelo Hotels (Id., 1. 3-15), was not even aware of the promotion of the Barcelo Bavaro Beach Hotel in that advertising. Transcript Vol. II, p. 61, 1. 3-5. The evidence established that on only one occasion a customer who contacted Defendants and asked for a Barcelo Hotel was then sold some other hotel. Transcript Vol. II, p. 69, 1. 19 to p. 70, 1. 5. However, that evidence did not establish that the customer called in response to the criticized website or advertising. The record is unclear whether that customer had sought a room at the Barcelo Bavaro Palace, or at some other Barcelo Hotel, in the Bavaro region of the Dominican Republic.

## Conclusions of Law

These conclusions are in additional to and supplemental to the Court's Conclusions of Law set forth in its Opinion Final Judgment of June 10, 2005. <u>Bavaro Palace, S.A. v. Vacation Tours, Inc., et al.</u>, Case No. 04-20422-CIV-KING (D.E. #186). Florida's Deceptive and Unfair Trade Practices Act, §501.204 (Fla. Stat.) prohibits "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce . . ." The Act also provides a civil remedy for any person who has suffered a loss as a result of such prohibited conduct. §501.211(2). The statute specifically provides that interpretation of the Federal Trade Commission and of the Federal Courts relating to §5(a)(1) of the Federal Trade Commission Act shall be considered and given great weight in construing the Florida statute. §501.204(1).

Here, Plaintiff failed to establish any violation of the Florida Act. Because the complained of website bore only the unprotected descriptive label "Bavaro Palace" there is no reason to conclude that it was deceptive to advertise any hotel in the Bavaro Beach area under that banner. Accordingly, Plaintiff's proof fails to identify any "bait" to support its claim.

2

The Federal Trade Commission Regulations on bait advertisement provide guidelines for consideration in determining whether or not an advertisement is a "bait advertisement". 16 C.F.R. §238.3. Plaintiff failed to demonstrate that Defendants violated any of those several factors. The first consideration under the Regulation is whether the advertiser "refused to show, demonstrate or sell the product offered in accordance with the terms of the offer". §238.3(a). Here, it is unrefuted that Defendants would and did sell rooms at Barcelo Hotels. Next to be considered is the issue of whether the advertiser disparaged by acts or words the advertised product. §238.3(b). Here, Ms. Ortega testified that she would tell inquiring customers that the Barcelo Bavaro Palace was a nice hotel, but that she had others at a better price. Transcript Vol. II, p. 63, l. 20-25. Next, those Regulations direct consideration of whether there was sufficient availability of the advertised product to meet anticipated demands. §238.3(c). No proof was offered as to this issue. The fourth and fifth factors under the rule do not apply here, and Plaintiff also offered no proof to suggest violation of the sixth factor, a compensation plan which was designed to prevent or discourage staff from selling the advertised product. §238.3(f).

As the Florida Third District Court of Appeal noted in <u>Izadi v. Machado Ford, Inc.</u>, 550 So.2d 1135, 1140-41 (Fla. 3d DCA 1989), the issue in determining whether there was a bait and switch is whether defendants made an offer they did not intend to keep. Plaintiff failed to prove that Defendants did not intend to sell the advertised room reservations.

The "switch" element of the claim was not established at all; rather, the evidence is that the advertised product was available and in fact sold. From all that appears upon this record, Defendants legitimately advertised hotels in the Bavaro Beach region of the Dominican Republic, including Plaintiff's Barcelo Bavaro Palace, and sold reservations at those hotels to the public. No violations of §501.201 at seq. is shown.

Accordingly, Plaintiff's claim under the Florida Deceptive and Unfair Trade Practices Act fails. Final Judgment in favor of Defendants, Vacation Tours, Inc. and Rosanna Metz-Mendez, will be entered upon the claims for violation of the Act. Defendants' counsel is directed to prepare an appropriate Order consistent with the opinion for the Court's review. The Court reserves jurisdiction for the assessment of Defendants' attorneys' fees and costs.

DONE and ORDERED in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida this 14th day of November, 2007.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc: Wilfredo A. Rodriguez, Esq.
Avila Rodriguez Hernandez Mena
 & Ferri LLP
2525 Ponce de Leon Blvd.
Suite 1225
Coral Gables, FL 33134-6049
*Counsel for Plaintiff*

Raymond V. Miller, Esq.
Gunster Yoakley & Stewart
1 Biscayne Tower
2 South Biscayne Blvd.
Suite 3400
Miami, FL 33131-1897
*Counsel for Defendants*